UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSEPH E. LAWRENCE,

Plaintiff,

v.

DR. MINEV, *et al.*,

Defendants.

Case No. 2:22-cv-01782-APG-EJY

**ORDER**

On October 25, 2022, Plaintiff submitted a Civil Rights Complaint under 42 U.S.C. § 1983 together with an application to proceed *in forma pauperis*.  ECF Nos. 1, 1-1.  Plaintiff also filed a Motion for Appointment of Counsel.  ECF No. 2.  On January 7, 2023, the Court screened Plaintiff's Complaint allowing his Eighth Amendment claim regarding chronic pain and limited mobility medical needs to proceed against certain Defendants.  ECF No. 5.  The Court stayed this case for 90 days to allow the parties an opportunity to settle their differences, denied Plaintiff's Motion for Appointment of Counsel, and referred this case to the Court's Early Inmate Mediation Program.  *Id.* at 11–12.  Thereafter, the Court referred the parties to a court-appointed mediator and set the mediation for April 28, 2023.  ECF No. 9.

On January 19, 2023, Plaintiff filed a second Motion for Appointment of Counsel.  ECF No. 7.  Plaintiff's request asserts his claim raises complicated medical issues, his incarceration makes prosecuting the claim difficult, and he is a 61-year-old "mentally and emotionally ill" prisoner who has "limited knowledge of the law."  *Id.* at 1, 3.  Plaintiff states that he suffers from a host of medical problems and has reinitiated his hunger strike, but medical providers have not yet taken him to the prison's infirmary.  *Id.* at 7–10.

As a general proposition, a civil litigant has no right to counsel.  *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  A court may under "exceptional circumstances" appoint counsel for indigent civil

1

litigants pursuant to 28 U.S.C. § 1915(e)(1).  *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005).  When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court previously explained Plaintiff "has articulated a colorable claim for relief and demonstrated an ability to communicate the basis of his disputes to the [C]ourt" despite the complexity of the issues and his mental and physical conditions.  ECF No.5 at 10.  The Court could not conclude on the record that Plaintiff was likely to succeed on the merits of his claims.  *Id.* at 10–11.  The Court finds that Plaintiff's instant Motion fails to establish the extraordinary circumstances to support appointment of counsel.  The lack of adequate legal knowledge, even assuming a case is legally complex, is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations." *Zamaro v. Moonga*, 656 Fed.Appx. 297, 299 (9th Cir. 2016).  And, "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation." *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989).  *See also Perez v. Nash*, Case No. 21-cv-00075-RFB-VCF; *see also Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (finding that prisoner litigants' lack of a legal education does not constitute exceptional circumstances).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 7) is DENIED without prejudice.

Dated this 13th day of February, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE